

FILED
JAN -8 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

BRENDA A. ROGERS,

    Plaintiff,

v.                              Case No. 2:08cv400

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brenda A. Rogers ("Rogers"), brought this action, pro se, under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed December 29, 2008. The Commissioner has moved to dismiss this action because the statute of limitations has allegedly expired. Rogers has not responded to this motion. For the reasons expressed herein, the Court RECOMMENDS that the case be DISMISSED.

### I.  FACTUAL AND PROCEDURAL HISTORY

Rogers filed applications for DIB and SSI on October 14, 2004. Decl. Paul Halse Ex. 1. The claims were denied initially on February 11, 2005 and upon reconsideration on April 1, 2005. Id.

Rogers then timely requested a hearing before an administrative law judge ("ALJ"). The ALJ denied Rogers' applications on April 26, 2006. Rogers appealed that decision to the Appeals Council, which denied her request on March 20, 2008. Decl. Paul Halse Ex. 2. In its March 20, 2008 letter to Rogers, the Appeals Council noted that Rogers had sixty (60) days to file a civil action in United States District Court and that Rogers could ask the Appeals Council for an extension of time. Id.

The sixty (60) days Rogers had to file a civil action ran from the date after she received the March 20, 2008 letter, which, by regulation, is assumed to be five (5) days after mailing the letter. Id. Therefore, Rogers had until May 27, 2008 to file a civil action in United States District Court.

On July 8, 2008, the Appeals Council, after apparently receiving a request for an extension of time,[1] extended the time that Rogers had to file a civil action for thirty (30) days from the date Rogers received the letter. Factoring in the five (5) day time allotment given to Rogers to receive the letter, the deadline for Rogers to file a civil action in United States District Court was August 12, 2008.

On August 22, 2008, Rogers executed and filed a Motion for Leave to Proceed In Forma Pauperis in this Court. The Court

---

[1] The Court does not have Rogers' letter before it, but assumes she wrote a letter based upon the Appeals Council's response.

construed the motion as Rogers' complaint. Rogers is proceeding in this action pro se.

On November 17, 2008, the Commissioner moved to dismiss the complaint as time-barred.

## II. **PLAINTIFF'S PRO SE PLEADINGS**

A pro se litigant is entitled to a liberal reading of her pleadings. Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994). Moreover, the Court notes that "trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved." Bauer v. Comm'r, 97 F.3d 45, 49 (4th Cir. 1996).

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules.

Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). It is with this principle in mind that the Court construes the various pleadings submitted by this pro se plaintiff.

## III. **DISCUSSION**

The Commissioner argues that Rogers' complaint is time-barred because she did not file her complaint within the time allotted by the statute of limitations.

42 U.S.C. § 405(g) requires in relevant part:

3

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The sixty (60) day limit is a statute of limitations and accordingly is a waiver of sovereign immunity which must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. However, because § 405(g) is "unusually protective" of plaintiffs, a court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480 (quotations omitted).

Here, the Court finds that Rogers did not file the instant action within her allotted time to file such an action and that Rogers is not entitled to equitable tolling. Rogers' sixty (60) day period to file this action initially expired on May 27, 2008. The Appeals Council extended her time to file a civil action until August 12, 2008, two and a half months after the original limitation date. Rogers did not file what the Court liberally construed as a complaint until August 22, 2008. Therefore, despite Rogers proceeding pro se, the equities that favor tolling the

4

limitations period are not "so great that deference to the agency's judgment is inappropriate." Id.

## VI. RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss be GRANTED. Accordingly, the Court recommends that the case be DISMISSED.

## VII. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. (R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this

Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ _____
United States Magistrate Judge

Norfolk, Virginia

January 8, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Brenda A. Rogers
1011 Watson Street, #A
Norfolk, VA 23523
PRO SE

*and delivered at the Civil counter in the Clerk's Office as*

Virginia Lynn Van Valkenburg
Assistant United States Attorney
Office of the United States Attorney
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

January 8, 2009

7