

FILED

MAR 17 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**BRENDA A. ROGERS,**

      **Plaintiff,**

v.

                                                **Civil Action No. 2:08cv400**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

Brenda A. Rogers, appearing pro se, brought this action under 42 U.S.C. § 405(g) seeking

judicial review of the decision of the Commissioner of Social Security ("Commissioner")

denying her claim for disability insurance benefits under Title II of the Social Security Act

("SSA"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (c), Rule 72 of the Local

Rules of the United States District Court for the Eastern District of Virginia, and by Order of

Reference dated December 29, 2008, this matter was referred to United States Magistrate Judge

F. Bradford Stillman for a Report and Recommendation.

## Background

Ms. Rogers filed her applications for Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI) on October 14, 2004. Her claims were first denied on

February 11, 2005, and then again upon reconsideration on April 1, 2005. Ms. Rogers then

timely requested a hearing before an administrative law judge (ALJ). On April 26, 2006, the ALJ

denied Ms. Rogers' applications, and found that she was not entitled to DIB or SSI. Ms. Rogers

appealed the ALJ's decision to the Appeals Council, which denied her request on March 20,

2008. The Appeals Council informed Ms. Rogers that she had sixty days to file a civil action in

the United States District Court, and that Ms. Rogers could ask for an extension of time if

necessary. The sixty-day period begins to run five days from the date of the letter, to account for

the mailing of the letter. Ms. Rogers, therefore, had until May 27, 2008 to file her complaint in

the District Court.

On July 8, 2008, the Appeals Council extended the time Ms. Rogers had for filing a civil

action for an additional thirty days from the date of the letter.[1] As with the sixty-day period, the

thirty days does not begin to run until five days after the date of the letter to account for the

mailing of the letter. Thus, the deadline from which Ms. Rogers could file a civil action based

upon the date of the letter was August 12, 2008.

Ms. Rogers filed a Motion for Leave to Proceed In Forma Pauperis on August 22, 2008.

The court construed the motion as Ms. Rogers' appeal of the ALJ's finding that she was not

disabled. On November 17, 2008, the Commissioner moved to dismiss Ms. Rogers' complaint

as time-barred. Ms. Rogers did not file a response to the Commissioner's motion to dismiss.

The Report and Recommendation of the Magistrate Judge ("Report"), filed on January 8,

2009, found that the time period in which Ms. Rogers had to file her claim in federal court had

---

[1] The letter Ms. Rogers wrote to the Appeals Council is not included in the record before
the court, and thus it is unknown when she sent the letter to the Appeals Council asking for an
extension of time or her reasons for needing an extension of time. Presumably the Appeals
Council found merit in her request for an appeal since they granted her an extension of time.
However, the court only has the July 8, 2008 letter the Appeals Council sent extending her time
period to file a civil action, and the Appeals Council did not provide their reasons for granting
her an extension of time.

expired. Accordingly, the Magistrate Judge recommended that the Commissioner's motion to

dismiss be granted and the case be dismissed. By copy of the Report, each party was advised of

the right to file written objections to the findings and recommendations made by the Magistrate

Judge within ten (10) days from the date the Report was mailed. On January 16, 2009, Ms.

Rogers filed an objection to the Report, arguing that her complaint was timely filed. In support

of her argument, Ms. Rogers attached the envelope, postmarked July 18, 2008, that was

purportedly used to mail the Appeals Council's July 8, 2008 letter extending the time in which

she had to file her complaint. The Commissioner did not file an objection to the Report nor did

he file a response to the plaintiff's objection. The time for filing of objections has passed and

therefore this matter is ripe for review.

## Standard of Review

When reviewing a Magistrate Judge's Report, the District Judge makes a de novo

determination of those portions of the report to which objections are made. FED. R. CIV. P.

72(b); 28 U.S.C. § 636(b)(1)(C). In addition, the court is authorized to accept, reject or modify,

in whole or in part, the findings and recommendations made by the Magistrate Judge. FED. R.

CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

## Discussion

The Social Security Act provides in part:

Any individual, after any final decision of the Commissioner of Social Security
made after a hearing to which he was a party, irrespective of the amount in
controversy, may obtain a review of such decision by a civil action commenced

3

> within sixty days after the mailing to him of notice of such decision or within such
> further time as the Commissioner of Social Security may allow. Such action shall
> be brought in the district court of the United States for the judicial district in
> which the plaintiff resides, or has his principal place of business, or, if he does not
> reside or have his principal place of business within any such judicial district, in
> the District Court of the United States for the District of Columbia [United States
> District Court for the District of Columbia].

42 U.S.C. § 405(g) (emphasis added). The Supreme Court has held that the sixty-day

requirement "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City

of New York, 476 U.S. 467, 478 (1986). The statute of limitations in social security cases is

"designed to be 'unusually protective' of claimants," and Congress has invested the

Commissioner with the authority to toll the sixty-day period should he find it necessary in a

particular case. Id. at 480 (quoting Heckler v. Day, 467 U.S. 104, 106 (1984)). The Supreme

Court has also held that a court may toll the sixty-day limit where the equities are in favor of

tolling:

> While in most cases the Secretary will make the determination whether it is
> proper to extend the period within which review must be sought, cases may arise
> where the equities in favor of tolling the limitations period are 'so great that
> deference to the agency's judgment is inappropriate.'

Id. (quoting Matthews v. Eldridge, 424 U.S. 319, 330 (1976)).

Ms. Rogers argues that because the Appeals Council's decision was not actually

mailed until July 18, 2008, and thus, she did not receive it until July 21, 2008, her

complaint should be considered timely. Ms. Rogers attached the envelope she alleges

was used to mail the Appeals Council's July 8, 2008 decision. The envelope is

postmarked July 18, 2008, and Ms. Rogers appears to have written on the envelope that

she received that envelope on July 21, 2008. The letter dated July 8, 2008 received by

4

Ms. Rogers from the Appeals Council states:

> The Appeals Council now extends the time within which you may file a civil
> action (ask for court review) for 30 days from the date you receive this letter. We
> assume that you receive this letter 5 days after the date on it unless you show us
> that you did not receive it within the 5-day period.

Presuming that Ms. Rogers did not receive the letter within the five-day period, there is

no evidence indicating that she informed the Appeals Council that she received the letter

after the five-day period. However, even if the court took Ms. Rogers' assertion that she

did not receive the letter until July 21, 2008 as true, and the court were to grant her thirty

days from that date, the court finds that her complaint would still be untimely. Ms.

Rogers would then have thirty (30) days from July 21, 2008, or until August 20, 2008, to

file her complaint.[2] Ms. Rogers, however, waited until August 22, 2008 before filing her

complaint. Therefore, her complaint would still be time barred.

The court also agrees with the Magistrate Judge's conclusion that equitable tolling

should not apply in this case because Ms. Rogers has failed to explain the reasons for her

delay in filing the case. Ms. Rogers already received a thirty-day extension from the

Appeals Council in addition to the original sixty-day time period for filing her complaint.

Ms. Rogers did not inform the Appeals Council of the delay in receiving the letter, nor

did she raise this fact in response to the Commissioner's motion to dismiss. Instead, Ms.

---

[2] By delaying the start of the thirty-day period by five days, the Appeals Council is
attempting to account for any delays in the mailing of their decision. By presuming that Ms.
Rogers did not actually receive the letter until July 21, 2008, the court is actually tolling the start
of the thirty day period by thirteen days instead of the five days provided for by the Appeals
Council.

Additionally, August 20, 2008 fell upon a Wednesday and August 22, 2008 fell upon a
Friday. Therefore, this is not a case in which the last day of the thirty-day deadline fell upon a
federal holiday or weekend.

Rogers first enlightened the court of this fact when she filed her objection to the Magistrate Judge's Report. In addition, there is no proof besides Ms. Rogers' unsworn assertion that this is actually the envelope used by the Appeals Council to mail the July 8, 2008 decision. Ms. Rogers has made no other excuse and has not provided any other reason for why she waited so long to file her civil action. Finally, besides the possibility that the Appeals Council mailed the July 8, 2008 letter ten days late, which does not account for her failing to file the complaint within thirty-days of her receipt of the letter, there is no evidence that any other action on the part of the government prevented her from timely filing her complaint. Thus, the court finds that this is not a situation in which the equities justify further tolling the statute of limitations.

## Conclusion

The court has thoroughly reviewed the Report of the Magistrate Judge and the plaintiff's objection to the Report, as well as the record submitted to the Magistrate Judge, and the memoranda in support of the motion to dismiss. Upon conducting a de novo review of the record, including the portion of the Report to which the plaintiff objects, the court finds that the plaintiff's action is time barred. The court, therefore, **ADOPTS** the Magistrate Judge's Report, **GRANTS** the Commissioner's motion to dismiss, and **DISMISSES** the plaintiff's complaint.

The pro se plaintiff is **ADVISED** that she may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Said written

6

notice must be received by the Clerk within sixty (60) days of the date of this Order.  FED.
R. APP. P. 3.1; 28 U.S.C. §§ 636(c)(4), (5).

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff and
the defendant's counsel of record.

It is so **ORDERED**.

                                                            /s/
                                        _____
                                              Jerome B. Friedman
                                          United States District Judge

March 17, 2009
Norfolk, Virginia

7